# Winston, et al. v. Louisville & Nashville Railroad Company.

(Decided October 8, 1914.)

## Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Adverse Possession—Use and Occupation.—The use by a railroad company of a side track for railroad purposes for the statutory period, without consulting the abutting owners, and without any claim of ownership on their part, vests in the railroad company title by adverse possession.

2. Adverse Possession—Permissive Use.—In the absence of evidence showing under what arrangement a railroad company took possession of property on which it constructed a side track used by it for railroad purposes for the statutory period, it will not be assumed that the use of the property was merely permissive, and therefore not adverse.

C. A. J. WALKER and OTTO WOLFF for appellant.

S. D. ROUSE and B. D. WARFIELD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Louisville & Nashville Railroad Company was engaged in laying a second or additional main track from Covington to Paris. Adjoining its main-track in what was formerly known as Latonia is a side track on the railroad right of way. Plaintiffs, E. J. Winston and others, claimed title to the property adjoining the railroad right of way at this point. The company sought to purchase and then condemn a strip of land adjoining its right of way for the purpose of constructing a second main-track at that point. These proceedings were finally abandoned. Thereupon the company moved its original main-track further west and also moved the side-track a little to the west, and was about to convert the side-track into a main-track.

Thereupon plaintiffs, alleging that they were the owners of the ground on which the side-track was located and also the side-track, brought this action against the defendant company to enjoin them from converting the side-track into a main-track. Defendant denied plaintiffs' title and pleaded title in itself by adverse possession. On final hearing the chancellor adjudged that

plaintiffs were not entitled to the relief asked for, and further adjudged that the railroad company was the owner of the side-track in question and had a right to convert it into a main-track. Plaintiffs appeal.

Plaintiffs showed that James C. Blick and George Phillips conveyed a tract of land to the Blake & Phillips Coal Company in 1872. This tract was subsequently conveyed to Frank Broering in 1905. Broering in turn conveyed the property to T. W. Spinks on October 20, 1905. The title of Spinks was conveyed to plaintiffs by deed dated February 6, 1913. These deeds cover the tract of land in controversy. Since plaintiff did not show or attempt to show a record title deducible from the Commonwealth or from a common grantor, it follows that they failed to prove a title of record. It remains to be seen whether or not they showed title by adverse possession.

It appears from the evidence that the track in question was constructed prior to the year 1870. There is no evidence in the record showing under what arrangement the track was constructed by the railroad company. Plaintiffs' evidence is to the effect that from the year 1872 to about the year 1886, when the Blick & Phillips Coal Company ceased operations, the track was used by Blick and Phillips to place carloads of coal to be made up for shipment, while during the same period, as shown by both plaintiffs' and defendant's evidence, the track was also used for general railroad purposes such as for meeting of trains, placing cars for shipment, discharging freight to consignees in that neighborhood other than Blick and Phillips, and for the storage of cars thereon. This character of use continued to about 1888 or 1889, when the railroad yards were built at Milldale. It further appears from the evidence that after Blick and Phillips ceased operations, about the year 1886 until the year 1898, the track was not used by the owners of the abutting Blick track, or anyone engaged in business upon that tract, but was used by the railroad for its own purposes. In the year 1898 Garlick & Company acquired a lease on the adjoining land for the purpose of carrying on their business. From that time on the side track was used for the purpose of delivering and hauling out cars from Garlick & Company and its successors in business. During the same time it was occasionally used either for passing trains or storage of cars or handling of freight

for delivery to consignees in the neighborhood. The greatest use, however, made of the track was in delivering cars to and shipping them from the lessees of the Blick property. It also appears that the railroad company did not charge shippers for the use of its own side-tracks, and therefore did not charge Blick and Phillips or any of the owners or lessees of the abutting property for use of the side-track in question. The railroad did, however, charge owners of private tracks upon private property with a rental based upon the cost of construction, and also with the repair and maintenance of the tracks. The abutting owners had a number of spurs and side-tracks running from the side-track in question into their premises. On these side-tracks and spurs they paid a rental. In addition to these facts, it is not shown that plaintiffs or any of their grantors ever claimed the lands or the side-track in question until this suit arose. On these facts we conclude that plaintiffs failed to show title by adverse possession. The fact that Blick and Phillips used the track for the purpose of loading and unloading cars, or that long after that firm went out of business, plaintiffs' more immediate grantors used the track for the same purpose, when considered in connection with the further fact that they paid no rental or charges for repairs on the side-track, does not tend to establish title by adverse possession, because the use to which the track was subjected was entirely consistent with defendant's claim of ownership. On the other hand, the evidence shows that the side-track was used for general railroad purposes for a period of about 16 years. So far as this record shows, the exclusive character of this use was never interfered with. While it is true that during that time Blick and Phillips were permitted to load and unload cars on the track, such use by them was entirely consistent with the use and possession of the track by the railroad company. After Blick and Phillips went out of business there was a period of about 12 years when none of the abutting owners used the property at all. Thereafter they used it for the purpose of loading and unloading cars, without asserting any claim either to the side-track or the land on which it was located. Since the railroad company has been in the possession of the tract of land since the year 1870, and has used it for whatever purposes it saw fit, without consulting the abutting owners, and without any claim of owner-

ship on their part, and as the exclusive character of this use was not rendered any the less exclusive by reason of the fact that the abutting owners were permitted to load and unload cars on the side-track, we conclude that the evidence is sufficient to sustain the defendant's title by adverse possession.

Counsel for plaintiffs, however, insist that as the siding was constructed on private property, the use of the siding by the railroad was merely permissive, and could not therefore become adverse. It is also insisted that the right to construct the siding on the land could not be enlarged so as to include the main-track. In this connection we are cited to a number of cases which it is claimed fully support the doctrine announced. In reply to this contention, we deem it sufficient to say that the record fails to show how the defendant acquired the title to or the possession of the property in question. No deed or other contract, showing the arrangement under which defendant took possession of the property, was introduced. We cannot assume, therefore, that defendant's use of the land or the side-track is merely permissive, or that it has a mere easement in the land, or that that easement is a limited one. The absence of such a showing makes the cases relied on by plaintiff inapplicable to the case under consideration.

Judgment affirmed.